# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| ELAINE BONIN AND MORGAN OTTMANN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>vs.<br><br>NORTHSTAR LOCATION SERVICES, LLC,<br><br>Defendants. | Case No.: 17-cv-1094<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Elaine Bonin is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff Morgan Ottmann is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

5. Each Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect an alleged personal credit card debt incurred for personal, family or household purposes.

6. Defendant Northstar Location Services, LLC ("Northstar") is a foreign corporation with its principal place of business located at 4285 Genesee Street, Cheektowaga, New York 14225.

7. Northstar is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Northstar is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Northstar is a "debt collector" as defined in 15 U.S.C. § 1692a.

## FACTS

### *Bonin Letter*

9. On or about September 26, 2016, Northstar mailed a debt collection letter to Plaintiff Bonin regarding an alleged debt owed to "BARCLAYS BANK DELAWARE" ("Barclays"). A copy of this letter is attached to this complaint as Exhibit A.

10. The alleged debt identified in Exhibit A was for an alleged Barclays personal credit card account, used only for personal, family or household purposes.

11. Upon information and belief, Exhibit A is a form letter, generated by a computer, and with the information specific to Bonin inserted by the computer.

12. Exhibit A states that the "Current Balance" of the account is $1,150.11.

13. Exhibit A also states:

> We would like to discuss a settlement option, to pay less than the full balance due, with you. Please contact our office toll free at 1-855-211-4583 to make arrangements.
>
> This settlement may have tax consequences. If you are uncertain of the tax consequences, consult a tax advisor.
>
> Once your account is settled for less than the full balance, Barclays Bank Delaware will send notification to the credit reporting agencies to reflect the settlement. Please allow Barclays Bank Delaware at least 30 days for the change to be updated on your credit bureau.

14. Exhibit A purports to offer a settlement of a portion of the "full balance due," of the alleged debt.

2

15. <u>Exhibit A</u> contains the following text: "Once your account is settled for less than the full balance, Barclays Bank Delaware will send notification to the credit reporting agencies to reflect the settlement."

16. The unsophisticated consumer would be confused by the statements identified above.

17. <u>Exhibit A</u>, as a whole, states that the account will be settled for less than the full balance upon Northstar's receipt of a payment amount that is less than the full balance of the alleged debt. But Northstar then states that Barclays will send notification to the credit report agencies to reflect the settlement.

18. The language identified above is ambiguous and confusing, especially with respect to the "reflect the settlement" phrase.

19. The unsophisticated consumer could not determine whether payment of the settlement amount would result in Barclays representing to credit reporting agencies that the account is paid in full, settled in full, or partially paid with outstanding balance.

20. An account reported to a credit reporting agency as "settled in full" has a greater negative effect on a consumer's credit score than an account reported as "paid in full." Thus, consumers who are able to pay off a balance may wish to pay the entire amount instead of settle for a smaller amount to effect an improvement in their credit score.

21. The language identified above is ambiguous and confusing, since the letter purports to offer a one-time payment of "resolve the balance on the above account," a consumer cannot know if the debt will be considered settled or paid in full.

22. Moreover, Northstar's letter implies that settlement of Bonin's debt for an amount less than the balance "may have tax consequences," and states: "If you are uncertain of the tax consequences, consult a tax advisor."

3

23. The Internal Revenue Code, 26 U.S.C. §6050P, and Treasury Regulations, 26 C.F.R. §1.6050P-1 requires reporting of certain discharges of indebtedness.

24. Reporting is not required:

a. Of the discharge of indebtedness that is interest or other non-principal amounts, 26 C.F.R. §§1.6050P-1(d)(2) and (3);

b. Of the discharge of principal not exceeding $600.

25. Northstar stated that Bonin's alleged debt was $1,150.11. <u>Exhibit</u> A.

26. Unless the unspecified settlement offer to Bonin was greater than 50% off the balance, the amount allegedly discharged would be less than $600 as a matter of mathematics.

27. Furthermore, even if the discharge of indebtedness has to be reported, there are substantial exceptions to the tax consequences of the discharge of indebtedness, namely the receipt of income from the discharge of indebtedness.

28. No taxable income results from the discharge of indebtedness if:

a. The debtor is insolvent;

b. The debt is disputed.

29. Many persons who are unable to pay credit card and similar personal debts are insolvent and will not realize income from the discharge of such debts.

30. Upon information and belief, Bonin is insolvent.

31. Moreover, on information and belief, a substantial portion of the debt described in <u>Exhibit A</u> consists of interest, late fees, and other non-principal amounts. Barclay's would have charged a default interest rate of approximately 30 percent for several months before charging off the account.

4

32. It is thus entirely possible to forgive $600 or more of the debt and yet not be required to file an IRS Form 1099C. In Bonin's case, it is likely that less than $600 of the stated balance of Plaintiff's account consists of amounts attributable to interest and fees.

33. Upon information and belief, Barclays files an IRS Form 1099C as a general practice, whenever a consumer discharges more than $600 pursuant to a settlement.

34. Upon information and belief, neither Northstar nor Barclays take any steps to determine whether the IRS *actually* requires the creditor to file a 1099C in any particular consumer's circumstance.

35. Referring to potential tax consequences in a collection letter when there is virtually no chance of any tax consequences occurring, is intimidating and misleading. It suggests to the unsophisticated consumer that failure to pay the debt in full will give rise to problems with the Internal Revenue Service ("IRS").

36. <u>Exhibit A</u> misleads the unsophisticated consumer by implying that:

   a. Unless the consumer pays the entire amount that the defendant alleges is owed on the alleged debt, the consumer could be reported to the IRS.

   b. Unless the consumer pays the entire amount the letter alleges is owed for the debt, the consumer is going to have to pay taxes on the unpaid balance.

37. Sometimes, issuing a 1099C when not required does, in fact, create problems with the IRS and state taxing authorities. Persons who do not report the discharged amount listed on a 1099C as income are at risk to receive a tax deficiency notice or a reduced refund.

38. Defendant voluntarily chose to give the misleading and deceptive tax advice found in <u>Exhibit A</u>. No law or regulation obligates defendants to include the statement complained of in collection letters.

5

## Ottmann Letter

39. On or about January 23, 2017, Northstar mailed a debt collection letter to Plaintiff Ottmann regarding an alleged debt owed to "Bank of America, N.A." ("BoA"). A copy of this letter is attached to this complaint as Exhibit B.

40. The alleged debt identified in Exhibit B was for an alleged BoA personal credit card account, used only for personal, family or household purposes.

41. Upon information and belief, Exhibit B is a form letter, generated by a computer, and with the information specific to Ottmann inserted by the computer.

42. Exhibit B states:

> Dear MORGAN V OTTMANN:
>
> My name is Tom Hinman, the Department Director at our office for Bank of America. I wanted to take this time to share with you that you may be eligible for several repayment options. To find out if you qualify, contact us and we will review your account immediately.
>
> Should you wish to discuss these payment options, our representatives are able to negotiate custom payment solutions.

43. Exhibit B is confusing and misleading to the unsophisticated consumer.

44. The statements that "you may be eligible for several repayment options," and "our representatives are able to negotiate custom payment solutions" are false and misleading.

45. The alleged debt or debts here is an unsecured credit account.

46. Upon information and belief, Northstar and BoA would accept any payment from Ottmann in any amount at any time.

47. Upon information and belief, Northstar's request to call because Ottmann "may be eligible for several repayment options" is merely an attempt to induce Ottmann to call Northstar. There is no analysis of "eligibility" for any particular offer.

## CLASS ALLEGATIONS

48. Plaintiffs bring this action on behalf of two classes.

49. Class 1 consists of (a) all natural persons in the State of Wisconsin (b) who were

6

sent a collection letter in the form represented by <u>Exhibit A</u> to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between July 31, 2016, and July 31, 2017, inclusive, (e) that was not returned by the postal service. Plaintiff Bonin is the designated representative for Class 1.

50. Class 2 consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by <u>Exhibit B</u> to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between July 31, 2016, and July 31, 2017, inclusive, (e) that was not returned by the postal service. Plaintiff Ottmann is the designated representative for Class 2.

51. Each Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of each Class.

52. There are questions of law and fact common to the members of each class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e and 1692f.

53. Plaintiffs' claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

54. Plaintiffs will fairly and adequately represent the interests of the Class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

55. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## COUNT I--FDCPA

56. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

57. Count I is brought on behalf of Plaintiff Bonin.

58. Exhibit A contains conflicting or apparently conflicting statements: "We would like to discuss a settlement option, to pay less than the full balance due" and "Once your account is settled for less than the full balance, Barclays will send notification to the credit reporting agencies to reflect the settlement."

59. The two statements identified above are ambiguous and confusing. The unsophisticated consumer could not determine whether Northstar and Barclays would report the balance of the account as settled or paid in full after the consumer makes the offered "settlement" payment.

60. Reporting a debt as "settled for less than the full balance" has a more negative effect on the consumer's credit history and score than reporting a debt as "paid in full."

61. Defendant's letters misinform consumers as to the consequences of settling their alleged debts for less than the current balance.

62. Northstar violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), 1692f and 1692f(1).

## COUNT II -- FDCPA

63. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

64. Count II is brought on behalf of Plaintiff Bonin.

65. Misrepresentation of a debtor's rights or liabilities under the Internal Revenue Code in connection with the collection of a debt is an FDCPA violation. *Kaff v. Nationwide Credit, Inc.*, 13cv5413, 2015 WL 12660327 (E.D.N.Y., March 31, 2015); *Wagner v. Client Servs., Inc.*, 08cv5546, 2009 WL 839073, at *4 (E.D. Pa. Mar. 26, 2009); *Good v. Nationwide Credit, Inc.*, 14cv4295, 2014 WL 5422103, at *3 (E.D. Pa. Oct. 24, 2014); *Kuehn v. Cadle Co.*, 5:04cv432, 2007 U.S. Dist. LEXIS 25764 (M.D. Fla., April 6, 2007).

66. Defendant's references to potential tax consequences of settling a debt violated 15 U.S.C. §§1692e, 1692e(2) and 1692e(10).

## COUNT III -- FDCPA

67. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

68. Count III is brought on behalf of Plaintiff Ottmann.

69. Exhibit B contains false and misleading statements.

70. The statements that "you may be eligible for several repayment options," and "our representatives are able to negotiate custom payment solutions" are false and misleading." In reality, the creditor and Northstar would accept a payment of any amount at any time.

71. Northstar violated 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692e(10).

## JURY DEMAND

72. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the proposed Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: August 9, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1093711)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com